Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ricardo Trujillo, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Global Lending Services LLC and | ) |
| Lightning Recovery Inc., | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1. Plaintiff Ricardo Trujillo ("Plaintiff") brings this action against Defendants Global Lending Services LLC ("GLS") and Lightning Recovery Inc. ("LRI") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, and Article 9 of Uniform Commercial Code, as enacted by the state of California, Cal. Com. Code § 9101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person that at all relevant times resided in Arvin, California.

5. Plaintiff is a natural person allegedly obligated to pay a debt to GLS.

6. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle loan (the "Debt").

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. GLS is an Delaware limited liability company that regularly conducts business in California.

9. GLS, as part of its business, regularly purchases consumer paper in the form of automobile loans.

10. GLS is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

11. LRI is a California corporation.

12. At all relevant times, LRI was acting as a repossession agent working at the behest of GLS.

13. At all relevant times, LRI was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

14. LRI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

15. In connection with the purchase of a vehicle (the "Vehicle") from a non-party, Plaintiff executed a loan agreement (the "Contract").

16. As part of the Contract, Plaintiff provided the seller and its assignees a security interest in the Vehicle.

17. Thereafter, the Contract was assigned to GLS.

18. GLS is a "secured party" as defined by Cal. Com. Code § 9102(a)(73).

19. The Vehicle constitutes "collateral" as defined by Cal. Com. Code § 9102(a)(12).

20. Plaintiff purchased the Vehicle for his own personal, family, and household use.

21. The Vehicle constitutes "consumer goods" as defined by Cal. Com. Code § 9102(a)(23).

22. Thereafter, GLS engaged its repossession agents, LRI, to repossess the Vehicle.

23. On April 3, 2023, LRI went to Plaintiff's home to repossess the Vehicle.

24. At that time, Plaintiff was sitting in the vehicle.

25. Suddenly, LRI collided with the Vehicle, forced a tow bar under the Vehicle's wheels, and lifted the vehicle while Plaintiff occupied.

26. Plaintiff immediately protested the repossession.

27. LRI refused to cease the repossession and threatened Plaintiff with physical violence.

28. Shortly thereafter, the police arrived on the scene.

29. LRI solicited the officers' assistance with the repossession and the Police agreed to assist.

30. The officers threatened Plaintiff with physical violence and forced him to exit the vehicle.

31. LRI then completed the repossession over Plaintiff's protests with the officers' assistance.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**LRI**

32. Plaintiff repeats and re-alleges each factual allegation above.

Complaint - 3

33. In California, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Cal. Com. Code § 9609(b)(2).

34. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession. *Id.*

35. A repossession agent's use of physical force is a breach of the peace.

36. By colliding with the Vehicle, sliding a tow bar under the vehicle and lifting it while Plaintiff occupied, it, LRI used physical force on the body of Plaintiff during the repossession and breached the peace.

37. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

38. Plaintiff unequivocally protested the repossession.

39. Once Plaintiff protested the repossession, LRI lost the right to continue with the repossession

40. Nonetheless, LRI continued with its repossession and thereby breached the peace.

41. Enlisting the assistance of law enforcement to accomplish a repossession constitutes a constructive use of force—which is likewise a breach of the peace.

42. By enlisting the help of law enforcement to accomplish its repossession, LRI breached the peace.

43. A repossession agent's breach of the peace negates a right to possession.

44. Because LRI breached the peace, it had no right to possession of the Vehicle.

45. LRI violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession, or no right to possession of the property existed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LRI violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF CAL. COM. CODE § 9609(b)(2)
## GLS

46. Plaintiff repeats and re-alleges each factual allegation contained above.

47. LRI, itself and on behalf of GLS, breached the peace during the repossession and thus had no right to possession of the Vehicle.

48. GLS violated Cal. Com. Code § 9102(b)(2) when the peace was breached during its repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GLS violated Cal. Com. Code § 9102(b)(2);

b) Awarding Plaintiff damages, pursuant to Cal. Com. Code § 9625(c);

c) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

d) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.17
## ALL DEFENDANTS

49. Plaintiff repeats and re-allege each factual allegation contained above.

50. LRI violated 15 U.S.C. § 1692f(6).

51. By violating 15 U.S.C. § 1692f(6), LRI violated Cal. Civ. Code § 1788.17.

52. GLS violated Cal. Com. Code § 9102(b)(2) when the peace was breached during its repossession.

53. By violating Cal. Com. Code § 9102(b)(2), GLS violated 15 U.S.C. § 1692e(5).

54. By taking possession of the Vehicle after the peace was breached, GLS violated 15 U.S.C. § 1692f(6).

55. By violating 15 U.S.C. §§ 1692e(5) and 1692f(6), GLS violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GLS and LRI violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00 for GLS's violation of Cal. Civ. Code § 1788.17;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00 for LRI's violation of Cal. Civ. Code § 1788.17;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF CAL. CIV. CODE § 1788.10
## ALL DEFENDANTS

56. Plaintiff repeats and re-allege each factual allegation contained above.

Complaint - 6

57. During its repossession of the Vehicle, LRI threatened Plaintiff with physical violence for lawfully protesting the repossession in violation of Cal. Civ. Code § 1788.10.

58. GLS, as the debt collector that hired LRI, is liable for LRI's violations of the RFDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GLS and LRI violated Cal. Civ. Code § 1788.10;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), per Defendant;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

59. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 23, 2023

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff